STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **T.C.-1, G.C., L.C., and T.H.**

**No. 16-0988** (Webster County 15-JA-50, 15-JA-51, 15-JA-52, & 15-JA-53)

## MEMORANDUM DECISION

Petitioner Mother J.C., by counsel Andrew Chattin, appeals the Circuit Court of Webster County's September 30, 2016, order terminating her custodial rights to T.C.-1, G.C., L.C., and T.H.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Mary Elizabeth Snead, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her custodial rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2015, the DHHR filed an abuse and neglect petition against petitioner and other adult respondents that alleged domestic violence and substance abuse in the home. Specifically, the DHHR alleged that petitioner and father T.C.-2 were involved in a domestic dispute that resulted in petitioner filing a domestic violence protective order against him. According to petitioner, father T.C.-2 had a history of domestic violence against her, including striking her, throwing her down, throwing items in the home, and yelling. Petitioner further indicated that these incidents frequently occurred in the children's presence. In fact, it was reported that father T.C.-2 would frequently yell and swear at the children. Petitioner also indicated that father T.C.-2 had a history of substance abuse. Pursuant to a family court order for drug screening, petitioner tested positive for marijuana the same month the petition was filed. The DHHR also alleged that petitioner had an outstanding warrant from the State of Florida for

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because the child and one of the fathers share the same initials, the Court will refer to them as T.C.-1 and T.C.-2, respectively, throughout this memorandum decision.

misdemeanor possession of a controlled substance and a prior conviction in the State of North Carolina for the same charge.

Shortly before the petition's filing, the children all underwent interviews at the Child Advocacy Center during which they confirmed that domestic violence occurred in their presence. The children also stated that father T.C.-2 physically abused child T.H. by grabbing her face and shoving her into a wall. Upon further investigation by the DHHR, it was revealed that T.H., then sixteen years old, was homeless for a period, and had been staying with relatives, friends, and a boyfriend in North Carolina since roughly October of 2014. T.H. finished the school year in North Carolina and then came to West Virginia to live with petitioner and father T.C.-2 in June of 2015. Petitioner thereafter waived her preliminary hearing.

In December of 2015, the circuit court held an adjudicatory hearing, during which the circuit court found that petitioner made allegations of domestic violence in the home which the children corroborated. The circuit court also found that petitioner had a criminal history involving drug charges. This included an outstanding warrant for possession of methamphetamine, in addition to other controlled substances, in Florida. The circuit court further found that petitioner recently failed a drug screen. Moreover, the circuit court addressed the issue of T.H.'s living arrangements, as reported by authorities in North Carolina. According to the circuit court, the evidence established that in 2014, when child T.H. was fifteen years old, she sought a birth control shot from the health department in North Carolina while living with her boyfriend. Ultimately, the circuit court found that petitioner failed to provide the children with a safe and suitable home because of her substance abuse and the instances of domestic violence. Thereafter, the circuit court granted petitioner a post-adjudicatory improvement period in March of 2016. However, the DHHR filed a motion to revoke petitioner's improvement period following a report of a traffic stop in April of 2016, during which father T.C.-2 was charged with driving under the influence. Petitioner was a passenger in the car and was also intoxicated.

Following hearings on the DHHR's motion to revoke petitioner's improvement period in May of 2016 and June of 2016, the circuit court added additional terms to petitioner's improvement period whereby she was barred from possessing drugs or alcohol or being in any establishment that serves alcohol. The circuit court further placed petitioner on a home incarceration monitoring device to detect alcohol consumption. Ultimately, the circuit court denied the DHHR's motion to revoke petitioner's post-adjudicatory improvement period and granted petitioner an extension of the same.

In August of 2016, the DHHR filed a second motion to revoke petitioner's improvement period. According to the motion, petitioner failed an alcohol screen with a blood alcohol level of .043, among other readings taken on the same day. Petitioner admitted she had been on a date and consumed alcohol. In September of 2016, the circuit court held a hearing, during which petitioner admitted to the allegations in the DHHR's motion to revoke her improvement period. Petitioner also testified that she has an issue with alcohol abuse, although she expressed reservations with long-term rehabilitation due to fears of losing her employment and housing. Petitioner further admitted to a history of substance abuse, including methamphetamine, which she claimed to have stopped using, and marijuana, which she stated that she continued to use. The circuit court also heard evidence that the State of North Carolina took these children from

2

petitioner's custody approximately four years prior, despite their continued residence with her. Ultimately, the circuit court revoked petitioner's improvement period and terminated her custodial rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's custodial rights.

Petitioner's entire argument on this issue is premised on the fact that she only violated the terms of her improvement period on two occasions when she consumed alcohol and her assertion that there was no evidence that her consumption of alcohol harmed the children in any way. We do not find this argument compelling. Simply put, petitioner's argument wholly ignores the fact that the DHHR had custody of her children at the times when petitioner abused alcohol. Accordingly, petitioner was not in a position to harm them by abusing the same. Moreover, actual harm to the children is inconsequential in regard to petitioner's violation of the terms and conditions of her improvement period and the circuit court's reliance on those violations in reaching disposition.

In terminating petitioner's custodial rights, the circuit court specifically found that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and

---

[2]Petitioner's custodial rights to all children were terminated below. According to the guardian, the circuit court permitted petitioner to move for post-termination visitation pending her completion of substance abuse treatment. The guardian indicates that petitioner completed treatment and is in the process of moving for visitation, which the guardian believes is in the children's best interests. According to the guardian and the DHHR, children T.C.-1, G.C., and L.C. were returned to the custody of their biological father, T.C.-2. The guardian further states that father T.C.-2 successfully completed his improvement period during the proceedings below, and the circuit court dismissed the petition against him. Accordingly, the permanency plan is for the children to remain in father T.C.-2's home. Child T.H. was placed in the care of her non-abusing biological father, W.H.

neglect in the near future. Pursuant to West Virginia Code § 49-4-604(c)(1), a situation in which there is no reasonable likelihood the conditions of abuse and neglect can be substantially corrected includes one in which

> [t]he abusing parent . . . [has] habitually abused or [is] addicted to alcohol, controlled substances or drugs, to the extent that proper parenting skills have been seriously impaired and the person or persons have not responded to or followed through the recommended and appropriate treatment which could have improved the capacity for adequate parental functioning . . . .

Based upon the evidence presented below, petitioner had ongoing substance abuse issues that began prior to the proceedings and persisted throughout. As the circuit court noted, petitioner had a criminal history involving drug crimes, including an outstanding warrant in Florida for possession of controlled substances. Moreover, petitioner failed a drug screen during these proceedings and, thereafter, violated the terms and conditions of her improvement period by consuming alcohol. While petitioner argues that she submitted to therapy and Alcoholics Anonymous in order to treat her substance abuse, it is clear that this was insufficient to remedy the conditions of abuse and neglect in the home. The record further shows that petitioner objected to long-term treatment for her substance abuse and only sought applications for the same after it became apparent that her improvement period would be revoked due to her alcohol abuse. Finally, at the time of the dispositional hearing, petitioner admitted to ongoing substance abuse by stating "[y]es, I smoke marijuana." For these reasons, we find no error in the circuit court's finding that there was no reasonable likelihood petitioner could substantially correct the conditions of abuse and neglect in the near future.

The circuit court further found that termination of petitioner's custodial rights was necessary for the children's welfare. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate a parent's parental, custodial, and guardianship rights upon such findings. Moreover, we have previously held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, W. Va.Code [§] 49-6-5 [now West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under W. Va.Code [§] 49-6-5(b) [now West Virginia Code § 49-4-604(c)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W.Va. 558, 712 S.E.2d 55 (2011). For these reasons, we find no error in the circuit court's termination of petitioner's custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 30, 2016, order is hereby affirmed.

Affirmed.

4

**ISSUED**:  June 9, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker